## FERRIER v. DE FRESE.

### (District Court, N. D. Georgia, N. D. July 9, 1917.)

### No. 51.

1. **LIBEL AND SLANDER ⊙⟐43—PRIVILEGED COMMUNICATIONS—WHAT ARE.**

   Where the consulting engineer of a gas company, engaged to straighten out its affairs, in reply to a letter from the secretary of the Railroad Commission, recommended the president should be required to resign and a local man selected president, and stated that prepayment meters had been grossly mishandled, and indicated a system of systematic stealing from the company, the method of reading the meters being antiquated and permitting fake readings, such statement was privileged, and cannot be deemed libelous.

2. **LIBEL AND SLANDER ⊙⟐10(5)—WHAT CONSTITUTES—CHARGES.**

   In such case, the statement cannot be deemed libelous, on the ground that it charged the president with dishonesty; the engineer's letter being susceptible only of the construction that he recommended another should be substituted as president.

At Law. Action by James Ferrier against S. E. De Frese. On demurrer to the declaration. Demurrer sustained, and leave given plaintiff to amend.

Maddox & Doyle, of Rome, Ga., for plaintiff.
W. H. Payne, of Chattanooga, Tenn., for defendant.

NEWMAN, District Judge. This is an action for libel, which is now here on a demurrer to the declaration. That which is claimed to be a libel was contained in a letter written by the defendant to the Railroad Commission of Georgia. It seems that Mr. Seaborn Wright, of Rome, Ga., made complaint to the Railroad Commission of Georgia about the quality of gas furnished the city of Rome by the gas company. Upon receipt of the letter from Mr. Wright, the secretary of the Railroad Commission wrote the plaintiff, who was the president of the gas company, calling his attention to the letter and the complaint. The letter from the secretary of the Railroad Commission was given by him to Mr. W. A. Sadd, and was given, it seems, finally to the defendant to answer. The defendant, at the time, was to some extent, at least, in

---

charge of the affairs of the gas company, having been placed there as consulting engineer, for the purpose of straightening out its affairs, and it is his answer which contains the libelous matter of which the plaintiff complains. The two things in the letter which are complained of mainly as being libelous against the plaintiff on the part of the defendant are:

[1, 2] First, these statements about the company matters:

"The prepayment meters had been grossly mishandled, and indicated a system of systematic stealage of the company's revenue. The method of reading meters is antiquated and permitted fake readings, which I am sure have been practiced."

The innuendo, as set out in the declaration, is that these statements in said letter—

"constitute a direct charge of dishonesty on the part of your petitioner, and that said statements in said letter and said charge are absolutely false, malicious, and without any foundation whatever."

This is demurred to, and I do not find anything whatever in the language contained in the defendant's letter to the Railroad Commission which could be in any way construed as reflecting upon the plaintiff's honesty. The whole purport of the letter shows very plainly, as well as this particular language, that it is the employés of the company who are referred to, and certainly in no wise can it be held to have reference to the plaintiff. This is the only clause in the letter which seems to refer in any way or even to hint at any dishonesty on the part of any one. In the letter the defendant criticizes severely the management of the gas company's affairs and recites that it would be necessary to remove Mr. Ferrier, the plaintiff, as president, in order for the company to be successful.

The other language, which probably covers the general charge against the plaintiff as a gas man, is this:

"My recommendations are that we at once request Mr. James Ferrier's resignation, and if this is not agreeable to him then hold a meeting of the stockholders, elect a new board of directors, consisting of a president, who should be a Rome, Georgia, man; secretary and treasurer, W. A. Sadd; general manager and assistant secretary, W. J. Austin; consulting engineer, S. E. De Frese; two representative citizens of Rome as directors."

It is this recommendation with reference to Mr. James Ferrier, requesting his resignation and substituting another man, who should be a Rome, Ga., man, that I understand is the main basis of the complaint. Other language is used; but it is this, it is claimed, that is a reflection upon his character and standing as a gasworks man, or as a man of ability, qualifications, and fitness in that line. Without conceding any of the language used in the letter to be libelous, I think what De Frese was doing when he wrote this letter to the Railroad Commission was a privileged communication under the law. It does not appear that he volunteered anything, but was answering the communication of the Railroad Commission, through its secretary. Mr. Wallace, the secretary of the Commission, among other things, writes:

"The Commission begs to request your preferred attention to the complaint, and we will be glad to have you furnish such response to us as your company might desire to make."

In some way, it is not claimed improperly, it came to be Mr. De Frese's part to answer this letter, and he answered it fully as to the condition in which he found the company when he went there as consulting engineer, and what it was trying to do to rehabilitate itself and give satisfaction to its patrons in Rome. It is claimed on the part of the defendant that the paragraph in the letter, the main part of this letter which is averred to be libelous, is taken from a report which had theretofore been made to the company by Mr. De Frese. He says in his letter to the Commission:

"After making this report to the owners of the property, the writer was authorized to proceed with the straightening out of the affairs of this company; thereupon Mr. H. G. Bedford, auditor and C. A., was employed, and I submit his remarks which are as follows: [He then gives Mr. Bedford's report.]"

On the whole, I do not think this letter of Mr. De Frese to the Railroad Commission was libelous in any proper sense, certainly does not attempt to charge Mr. Ferrier with any dishonesty, and at the most it could be held only to mean that Mr. Ferrier was found, after investigation, not to be the proper person to remain in charge of the company as its president, and a recommendation that he be superseded by some one else. I do not think such a report, rendered by a person who was employed as consulting engineer of a public utility corporation, could be considered libelous.

The plaintiff has asked, if the court should think the declaration as it stands insufficient, that he have leave to amend. To do this the plaintiff will have 30 days in which to state his case in such way as to overcome the objections which have been sustained to the declaration as it now stands.